IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL MARK DE LA O JR.,

    Plaintiff,

v.                                                                                                               Civ. No. 21-881 GBW

FEDERAL COMMUNICATIONS
COMMISSION,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER FOR AMENDED COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*doc. 1*) ("Complaint"), filed September 7, 2021, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 4*) ("Application"), filed September 7, 2021.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

>Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (unpublished) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks and ellipsis omitted).

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $730.00; (ii) his monthly expenses total $535.00; (iii) he has no cash and $300.00 in a bank account; and (iv) he has been paying legal costs with other lawsuits.  The Court grants Plaintiff's Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because of his low monthly income.

**The Complaint**

Plaintiff's 88-page Complaint states:

2

> The Federal Communications Commission is guilty of: accomplice to genocide liability, accomplice to murder in the 1st degree, complicity in genocide, discrimination, racism, spiritually abusing me, physically abusing me, & psychologically abusing me. Their actions include & are not limited to: inflicting on my mental health, contributing to the spread of COVID-19, physically endangering my life, inciting suicide, & sacrilegiously inflicting on my religion.
>
> ....
>
> The Federal Communications Commission (FCC) is guilty of imposing on [sic] restrictions set by worldwide (WHO) health organizations, in order to prevent the illness COVID-19 from continuing to spread, (of [sic] which is one of the largest US [sic] tragedies in terms of number of casualties taken so far), suicide and/or death is being glamorized to the extent made to seem permissive, prostitution is being glorified, sex is being publicly promoted to children without proper advisories, white supremacy is being instilled, ethnic diversity is being abused and/or neglected, infidelity is viewed and/or portrayed as acceptable, exposure is highly excused, heavy drug use is highlighted almost as acceptable and satanism is being promoted as a righteous way of life!!!!!

*Doc. 1* at 2, 7. Other allegations describe people attending sporting events without masks, a commercial for a health insurance provider in California in which "a child is seen prominently blowing out birthday candles which is a total infraction on the idea of avoiding breathing on another and/or a person's food," and other examples of the issues raised in the second paragraph quoted above. *Id.* at 15; *see also id.* at 10–13.

The Complaint should be dismissed for failure to state a claim upon which relief can be granted. Allegations that Plaintiff has been "betrayed" and is "disgusted," *see generally id.*, by what Defendant allows to be broadcast, without more, are insufficient to state a claim. "[T]o state a claim in federal court, a complaint must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be granted. The Court will order service if Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction.

**IT IS ORDERED** that: (i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 4*), filed September 7, 2021, is **GRANTED**; and (ii) Plaintiff shall, **within twenty-one (21) days of entry of this Order**, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case. Plaintiff's amended complaint shall not exceed 25 pages double-spaced.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE